FILED

1  LOCKE LORD BISSELL & LIDDELL LLP
2  Matthew B. McClendon (SBN 256031)
   mmcclendon@lockelord.com
3  300 South Grand Avenue, Suite 2600
4  Los Angeles, CA 90071
   Tel:  (213) 485-1500
5  Fax:  (213) 485-1200

2009 FEB 25  PM 12: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. F CALIF
LOS ANGE...

BY

6
7  Attorneys for Defendants
   HOMECOMINGS FINANCIAL LLC; MORTGAGE ELECTRONIC
8  REGISTRATION SYSTEM, INC. and EXECUTIVE TRUSTEE SERVICES, LLC
   (incorrectly sued as "Executive Services, LLC dba ETS Services, LLC)
9

   UNITED STATES DISTRICT COURT
10
   CENTRAL DISTRICT OF CALIFORNIA
11

12  ISABEL MONTECINOS                          Case No. CV09-1333 Я (Ssx)
                                            )
13              Plaintiffs,                  )  **DEFENDANTS' NOTICE OF**
                                            )  **REMOVAL**
14                                          )
        vs.                                 )
15                                          )  28 U.S.C. §§ 1441, 1446, 1331 &
16  HOMECOMINGS FINANCIAL, LLC              )  1367
    F/K/A HOMECOMINGS FINANCIAL            )
17  NETWORK, INC. (a Delaware Corporation); )  [Superior Court of California, County
18  MORTGAGE ELECTRONIC                     )  of Santa Barbara, Case No. 1274381]
    REGISTRATION SYSTEM, INC., (a          )
19  California Corporation); EXECUTIVE      )  Complaint Filed:  January 13, 2009
    SERVICES, LLC dba ETS SERVICES, LLC )
20  (a California Corporation) and DOES 1   )
21  through 50, Inclusive,                  )

22
               Defendants.
23  ─────────────────────────────

24      TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,

25  AND TO THEIR ATTORNEYS OF RECORD:

26      Pursuant to 28 U.S.C. §§ 1441, 1446 and 1331, Defendants Homecomings

27  Financial, LLC, Mortgage Electronic Registration System, Inc. and Executive Trustee

28  Services, LLC (incorrectly sued as "Executive Services, LLC dba ETS Services, LLC)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

(collectively, the "Defendants") hereby remove this action from the Superior Court of California, County of Santa Barbara, to the United States District Court for the Central District of California, Western Division, and state as follows:

## STATEMENT OF THE CASE

1.     On January 13, 2009, an action was commenced in the Superior Court of California, County of Santa Barbara, styled *Isabel Montecinos v. Homecomings Financial, LLC et al.*, Case No. 1274381 (the "State Court Action").

2.     Homecomings was served with a summons and copy of the complaint on January 26, 2009. This Notice of Removal is being filed within 30 days of the service of the summons and copy of the complaint. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3.     The Complaint purports to assert seven causes of action, identified and/or generally alleged against the Defendants as follows: (1) declaratory relief; (2) set aside Notice of Trustee's Sale and Notice of Default; (3) cancellation of instruments; (4) quiet title to real property; (5) accounting; (6) injunctive relief; and (7) damages.

4.     The declaratory relief cause of action asserts the following statutory violations:

(a)     violation of California Civil Code § 1632;

(b)     violation of California's Predatory Lending Law, Financial Code § 4970, *et. seq.*;

(c)     violation of the Home Ownership and Equity Protection Act ("HOEPA") 15 U.S.C. § 1637;

(d)     violation of the Truth In Lending Act ("TILA"), 15 U.S.C §§1601-1667f; and

(e)     violation of the Federal Trade Commission Act ("FTC") 15 U.S.C. §§ 41-58.

5.     The cause of action to set aside the Notice of Trustee's Sale & Notice of Default asserts a violation of California Civil Code § 2924.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANT'S NOTICE OF REMOVAL

6.     The remaining causes of action incorporate the allegations concerning violations of HOEPA, TILA and FTC.

## JURISDICTION

## FEDERAL QUESTION JURISDICTION

7.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.  The Supreme Court has held that "a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).  Here, Plaintiff alleges violations of HOEPA, TILA and FTC.  (Compl. ¶ 19).  Accordingly, the matter turns upon federal questions, and this Court has jurisdiction.  Pursuant to 28 U.S.C. § 1367(a) the Court has supplemental jurisdiction over the state law and common law claims asserted by Plaintiff because those claims asserted form part of the same case or controversy.

8.     Upon information and belief no other defendants have been named and served, and therefore, additional consent is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action.")

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1441(a) because the United States District Court for the Central District of California, Western Division is the federal judicial district and division embracing the Superior Court of California for the County of Santa Barbara where the State Court Action was originally filed.

10.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action or served on the Defendants are attached hereto as *Exhibit 1*.

///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANT'S NOTICE OF REMOVAL

## **CONCLUSION**

By this Notice of Removal and the associated attachments, Defendants do not waive any objections that they may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.  Defendants pray that the Action be removed to this Court, that all further proceedings in state court be stayed, and that Defendants receive all additional relief to which they are entitled.

Dated:  February 25, 2009                    LOCKE LORD BISSELL & LIDDELL LLP

By:  _____
         Matthew B. McClendon
Attorney for Defendants
HOMECOMINGS FINANCIAL LLC;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC. and
EXECUTIVE TRUSTEE SERVICES, LLC
(incorrectly sued as "Executive Services,
LLC dba ETS Services, LLC)

LA 619215v.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

4

# EXHIBIT 1

01-13-2009 10:02   SANDRA 909L ⌐7483                                              PAGE4

|  | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEE ADDITIONAL PARTY ATTACHMENT FORM IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISABEL MONTECINOS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

JAN 1 3 2009

GARY M. BLAIR, Executive Officer
BY _A. Wrdly_
A. WORDLEY, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 1274381 |
|---|---|

Superior Court
County of Santa Barbara
312-C East Cook Street
Santa Maria, CA 93456-5369
Cook Division

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jame E. Curtis, SBN: 140709          951-781-2700          951-848-9120
JAMES CURTIS & ASSOCIATES
7121 Magnolia Avenue
Riverside, CA 92504

| DATE: *(Fecha)* | IJAN 1 3 2009 | Clerk, by *(Secretario)* A. WORDLEY | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Exhibit _1_, Pg. _5_

01-13-2009 10:03   SANDRA 909L .7483                                          PAGE5

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MONTECINOS v. HOMECOMINGS, et al. | 1274381 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

HOMECOMINGS FINANCIAL, LLC , F/K/A/ Homecomings Financial Network, Inc., (a Delaware Corporation); MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC, (a California Corporation) ; EXECUTIVE SERVICES, LLC dba ETS Services, LLC (a California Corporation)  and DOES 1 through 50, inclusive,

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit _1_, Pg. _6_

01-13-2009 10:01    SANDRA 909L .7483                                    PAGE2
                                                                         CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James E. Curtis SBN: 140709<br>JAMES CURTIS & ASSOCIATES<br>7121 Magnolia Avenue<br>Riverside, CA 92504<br>TELEPHONE NO: 951-781-2700    FAX NO: 951-848-9120<br>ATTORNEY FOR (Name): Plaintiff, ISABEL MONTECINOS | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SANTA BARBARA<br><br>JAN 1 3 2009<br><br>GARY M. BLAIR, Executive Officer<br>BY A Wndy<br>A. WORDLEY, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 312-C East Cook Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Maria, California 92456-5369
BRANCH NAME: Cook Division

CASE NAME: MONTECINOS v. HOMECOMINGS, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **1274381**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☒ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): SEVEN (7)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 12, 2009

JAME E. CURTIS
(TYPE OR PRINT NAME)                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit _1_, Pg. _7_

01-13-2009 10:02   SANDRA 909___7483                                                      PAGE3

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit _1_, Pg. _8_

2009-0001640

| | Recorded | REC FEE | 17.00 |
| Official Records | | |
| County of | | |
| Santa Barbara | | |
| Joseph E. Holland | | |

PLEASE COMPLETE THIS INFORMATION
RECORDING REQUESTED BY:
JAMES CURTIS & ASSOCIATES
7121 Magnolia Avenue
Riverside, California 92504
AND WHEN RECORDED MAIL TO:
JAMES CURTIS & ASSOCIATES
7121 Magnolia Avenue
Riverside, California 92504

4

11:48AM 13-Jan-2009   NG
Page 1 of 4

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | T. | | CTY | UNI | |

Space above this line for recorder's use only

NOTICE OF PENDING ACTION

Title of Document

TRA: _____

DTT: _____

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3:00 Additional Recording Fee Applies)

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit  1 , Pg.  9

01-13-2009 10:04   SANDRA 909. .7483                                    PAGE6

1  James Curtis, SBN: 140709
   **JAMES CURTIS & ASSOCIATES**
2  7121 Magnolia Avenue
   Riverside, CA 92504
3  Telephone: (951) 781-2700
   Facsimile: (951) 848-9120
4

5  Attorneys for Plaintiff,
   ISABEL MONTECINOS
6

7

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

**JAN 1 3 2009**

GARY M. BLAIR, Executive Officer
BY _____
A. WORDLEY, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA BARBARA

10

11  ISABEL MONTECINOS,                )   CASE NO.:        **1274381**
                                      )
12            Plaintiff,              )
                                      )
13  vs.                               )   COMPLAINT FOR:
                                      )
14  HOMECOMINGS FINANCIAL, LLC, F/K/A/ )  1.  DECLARATORY RELIEF
    Homecomings Financial Network, Inc., (a )  2.  VOID, CANCEL AND SET
15  Delaware Corporation); MORTGAGE  )      ASIDE:
    ELECTRONIC REGISTRATION SYSTEM,  )      (a) NOTICE OF TRUSTEE'S
16  INC, (a California Corporation); EXECUTIVE )  SALE UNDER DEED OF
    SERVICES, LLC dba ETS Services, LLC (a )  TRUST;
17  California Corporation) and DOES 1 through )  (b) NOTICE OF DEFAULT AND
    50, inclusive,                   )          ELECTION TO SELL
18                                    )          UNDER DEED OF TRUST
              Defendants.            )  3.  CANCELLATION OF
19  _____ )      INSTRUMENTS
                                      )  4.  QUIET TITLE TO REAL
20                                           PROPERTY
                                         5.  ACCOUNTING
21                                       6.  INJUNCTIVE RELIEF
                                             (a)  Temporary Restraining
22                                           Order
                                             (b)  Preliminary Injunction
23                                       7.  DAMAGES:
                                             (a)  General
24                                           (b)  Compensatory
                                             (c)  Bad Faith Foreclosure
25                                           (d)  Violation f Statute(s)

26       COMES NOW, Plaintiff, ISABEL MONTECINOS, who for cause of action against

27  defendants, and each of them, alleges and state as follows:

28  ///

                    COMPLAINT FOR DECLARATORY RELIEF
                                  1

Exhibit _1_ , Pg. _10_

## GENERAL ALLEGATIONS

1.     Plaintiff, ISABEL MONTECINOS, is an individual residing in the City of Santa Maria, County of Santa Barbara, State of California, being within the statutory jurisdiction of the Court.

2.     Plaintiff is informed and belief and based thereon alleges that defendants:

(a)     HOMECOMINGS FINANCIAL, LLC, (F/K/A/ Homecomings Financial Network, Inc.), hereinafter referred to as "HOMECOMINGS", is a Delaware, Limited Liability Company, and is doing business within the County of Santa Maria, State of California, and is engaged in the business of home financing, and as a consequence thereof has submitted itself to and is within the in personam jurisdiction of this court.

(b)     MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC, hereinafter referred to "MERS", is a California corporation. "MERS" is and was, upon information and belief, doing business within the State of California, at all times pertinent to the facts alleged herein. "MERS" is a separate corporation that is acting solely as nominee for Defendants, and each of them, and their successors and assigns. "MERS" is or was the beneficiary of recorded Deed of Trust in the Office of the Santa Barbara Recorder recorded as Instrument No. 2007-0005617. (Exhibit B)  "MERS" is added as a Defendant in this action because it has or had been named in recorded Deed of Trust encumbering the real property which is the subject of this action.  No monetary damages are sought by Plaintiff against Defendant "MERS".

3.     Plaintiff is informed and believes and based thereon alleges that defendant, EXECUTIVE SERVICES, LLC dba ETS Services, LLC, hereinafter referred to as "ETS", is a Delaware Corporation, who at all times mentioned herein was conducting business in the State of California, County of Santa Barbara and is engaged in the business of foreclosure and reconveyance services, and as a consequence thereof has submitted itself to and is within the in personam jurisdiction of this Court.

4.     The true names and capacities, whether individual corporate associate or otherwise of defendants, names herein as Does 1 through 50, are unknown to Plaintiff at this time , who therefore, sues said defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to show the true names; capacities and relationship of said fictitious defendants when same have been

Exhibit _1_, Pg. _11_

1  ascertained.

2      5.    Plaintiff is informed and believe, and based thereon alleges, that each of the

3  defendants designated herein by a fictitious name are responsible in some manner for the acts, events

4  and occurrences referred to herein.

5      6.    Plaintiff is further informed and believe and based hereon alleges that at all times

6  mentioned, Defendants named herein and DOES 1 to 50, and each of them, were are the agents, servants,

7  employees, representatives, associates and/or joint venturers of one another, and that at all such times,

8  in doing the acts and making the representations alleges herein, defendants were each, respectively and

9  collectively, acting within the course and scope of said agency, servitude, employment and/or joint

10 venture, with a mutual and common purpose, for the direct and indirect benefit of each of their several

11 co-defendants, with the full knowledge, consent, ratification, and approval of each of their several co-

12 defendants, and in so acting, through direct assignment or succession in interest, is jointly and severally

13 responsible for all said acts or representations made by one another.

14     7.    The real property which is the subject of this lawsuit, and which is hereinafter

15 referred to as the "subject real property", is a single family residence commonly known as 1409 Catrina

16 Way, City of Santa Maria, County of Santa Barbara, State of California, and is legally described as:

17     All that certain real property situated in the County of Santa Barbara, State of California,
   described as follows:

18

19     Lot 34 of Catrina Village Estates, Tract No. 5201, in the City of Santa Maria, County of Santa
   Barbara, State of California, as per map recorded in Book 94, Pages 10 through 12 of Maps, the office

20 of the County Recorder of said County.

21     8.    The "subject real property" is owned by Plaintiff, ISABEL MONTECINOS, since her

22 purchase of said property on or about October 18, 2006, copy of the Grant Deed that vests fee simple

23 title in Plaintiff is attached as Exhibit A, and incorporated herein by reference.

24

25                **FIRST CAUSE OF ACTION**

26                **For Declaratory Relief**
                  (Against All Defendants)

27

28     9.    Plaintiff hereby restates and replead the allegations contained in Paragraphs 1 through

---

**COMPLAINT FOR DECLARATORY RELIEF**

3

1 | 8, inclusive, of the General Allegations and incorporate same herein by reference as though set forth in
2 | full and at length.

3 |       10.    On or about October 18, 2006, Plaintiff is alleged to have executed certain loan
4 | documentation documents, among which was a certain Promissory Note documents, in conjunction with
5 | a purchase money loan in the approximate principal sum of $372,000 and $93,000.00 respectively,
6 | utilized for the purchase of the "subject real property," a copy of which is presently not available to
7 | Plaintiff, inasmuch as at the time of her purported execution of said Promissory Notes she was not
8 | provided a copy thereof, nor was one provided to her thereafter.

9 |       11.    On or about October 18, 2006, Plaintiff is alleged to have executed certain loan
10 | documentation documents, among which were certain Deeds of Trust documents in conjunction with
11 | a purchase money loan in the principal sum of $372,000.00 and $93,000.00 respectively, utilized for the
12 | purchase of the "subject real property," a copy of which was not provided to them at the time of their
13 | purported execution thereof, but which was just recently obtained by Plaintiff direct from the office of
14 | the County Recorder.  A copy of the recorded Deeds of Trust are attached hereto as **Exhibit B** and
15 | incorporated herein by reference.

16 |       12.    At the time and place where the above referenced Promissory Notes and Deeds of
17 | Trust documents were allegedly signed by Plaintiff, Plaintiff was not then, nor is she now
18 | conversationally fluent in nor could she readily read or understand the English language.  Plaintiff's
19 | primary language for writing and communication was and is Spanish.

20 |       13.    At the time the Promissory Notes and Deeds of Trust documents were purportedly
21 | signed by Plaintiff, all loan documentation related thereto, including but not limited to the deed of trust,
22 | promissory note, loan disclosures, escrow instructions, good faith estimates of costs and expenses, were
23 | all written exclusively in the English language.  In violation of California Civil Code §1632, defendants,
24 | and each of them, failed to provide Plaintiff with the contract or agreement in Spanish, being the
25 | language in which the contract or agreement was negotiated, nor was Plaintiff provided a translation of
26 | each of the disclosures required by law, in the Spanish language in which the contract or agreement was
27 | negotiated.

28 |       14.    Pursuant to Civil Code §1632, the above referenced Promissory Note and Deed of

**COMPLAINT FOR DECLARATORY RELIEF**
4

Exhibit _1_, Pg. _13_

1   Trust are therefore voidable and subject to statutory rescission and damages. Plaintiff hereby demands

2   statutory rescission and damages as provided by law.

3       15.     Neither prior to nor after the Promissory Notes and Deeds of Trust documents were

4   purportedly signed by Plaintiff, was she informed or advised by any agent, employee or representative

5   of "HOMECOMINGS", the originating lender, or any successor interest, what the true interest rate, loan

6   repayment terms, costs and fees for the loan were.

7       16.     At no time during the loan transaction process was it ever disclosed to Plaintiff by

8   any agent, employee or representative of the originating lender, that the loan contained a yield spread

9   premium (YSP) provision, the cost of which was to be paid by Plaintiff as added points and fees in

10  connection with their residential mortgage loan, nor were these additional costs ever disclosed to

11  Plaintiff in the loan disclosure documentation as required by law, nor in the loan escrow documentation

12  or escrow closing statement(s), all in violation of California's Predatory Lending Law, as set forth in

13  Financial Code, §4970, et seq.

14      17.     Other crucial terms regarding the loan documentation were also never fully explained

15  to Plaintiff, if at all, as required by statute, including the exact interest rate set forth in the Promissory

16  Note, how and when any adjustments to that interest rate and the recurring monthly payment would

17  occur, what index or basis would be used for calculating any such interest rate adjustments, nor what the

18  effect of any negative amortization would be.

19      18.     It was not disclosed or explained to Plaintiff by any agent, employee or

20  representative of the original lender, what the negative effect to her home equity would be in the event

21  that the scheduled or option ARM monthly payments were not sufficient to pay all accruing interest,

22  resulting in an ever increasing balance owing on the loan and eventually the total dissipation of

23  Plaintiff's home equity.

24      19.     Plaintiff is informed and believe and based thereon alleges that the original lender,

25  of "HOMECOMINGS", its successors in interest by agency, assignment or appointment, being the

26  current beneficiary of its servicing agent, have engaged in deceptive loan practices with respect to

27  Plaintiff, in knowing violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15

28  U.S.C., Section 1637, and the Truth In Lending Action ("TILA"), 15 U.S.C. Section 1601-1667f, and

COMPLAINT FOR DECLARATORY RELIEF
5

Exhibit _1_, Pg. 14

1  Federal Reserve, Regulation-Z, 12 CFR 226.23(a)(3), and the Federal Trade Commission Act ("FTC"),

2  15 U.S.C. Sections 41-58. The full details of these violations is presently unknown to Plaintiff, however,

3  when these facts is ascertained through discovery and investigation, this complaint will be amended with

4  leave of court to alleges those facts.

5       20.    An actual controversy has arisen and now exists between Plaintiff and Defendants,

6  regarding their respective rights, duties and obligations under the above referenced Promissory Note,

7  Deed of Trust, and related loan documentation and this controversy can only be resolved by the

8  intervention of this Court.  Plaintiff allege that defendants and each of them are prohibited by law from

9  attempting to enforce any provisions of the above referenced documents, including the non-judicial

10  foreclosure of Plaintiff's real property, until this controversy has been fully adjudicated and resolved by

11  this Court, whereas defendants contend that they are nevertheless immediately entitled to fully enforce

12  those provisions.

13                  ·   **SECOND CAUSE OF ACTION**

14         **Set Aside Notice of Trustee's Sale & Notice of Default**

15                 **(As against all defendants)**

16       21.    Plaintiff hereby restates and replead the allegations contained in Paragraphs 1 through

17  8, inclusive of the General Allegations, and Paragraphs 10 through 20, inclusive, of the First Cause of

18  Action, and incorporate same herein by reference as though set forth here in full and at length.

19       22.    On or about August 8, 2008, defendant "ETS", acting on behalf of

20  defendant, "HOMECOMINGS", and/or its successors in interest by agency, assignment or appointment,

21  caused a "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" document

22  to be recorded in the Office of the County Recorder of Santa Barbara County, as Instrument No. 2008-

23  0047912.  A copy of said Notice is attached hereto as **Exhibit C** and incorporated herein by reference.

24       23.    Pursuant to the requirements of California Civil Code §2924, defendant,

25  "ETS" and/or its principal "HOMECOMINGS", and/or its successors in interest by agency, assignment

26  or appointment, were required to serve a copy of the Notice on Plaintiff, the record owners.  Defendants,

27  either negligently or intentionally, failed to comply with the requirements of statute by not timely serving

28  said notice in the manner prescribed by law.

**COMPLAINT FOR DECLARATORY RELIEF**
6

Exhibit _1_, Pg._15_

1      24.    On December 18, 2008, defendant, "ETS", acting on behalf of

2 defendant "MERS", nominee for "HOMECOMINGS", caused a NOTICE OF TRUSTEE'S SALE

3 document to be recorded in the Office of the County Recorder of Santa Barbara County, as Instrument

4 No. 2008-0067538. A copy of the Notice is attached hereto as **Exhibit D** and incorporated herein by

5 reference.

6      25.    Pursuant to the requirements of California Civil Code §2924, defendant "ETS", and/

7 or its principal "MERS", nominee for "HOMECOMINGS ", were required to serve a copy of the Notice

8 on Plaintiff, the record owners. Defendants, either negligently or intentionally, failed to comply with

9 the requirements of statute by not timely serving said notice in the manner prescribed by law.

10      26.    Plaintiff is informed and believe and based thereon alleges that defendants

11 "MERS" nominee for "HOMECOMINGS" and "ETS", based their authorization to cause the recording

12 of the above referenced NOTICE OF TRUSTEE'S SALE and NOTICE OF DEFAULT AND

13 ELECTION TO SALE UNDER DEED OF TRUST, on the intricate provisions and text of the Deeds

14 of Trust and Promissory Notes documents identified in Paragraphs 10 and 11 above.

15      27.    Plaintiff alleges that the Deeds of Trust and Promissory Note were the product of

16 multiple violations of statute and were derived through a process of predatory lending practices by

17 defendant, "HOMECOMINGS", and is subject to all the defenses and offsets provided by statute, which

18 therefore accrue by assignment or succession as against all successors in interest to those documents,

19 and is binding against all such defendants including defendant "HOMECOMINGS". Plaintiff therefore

20 allege that any and all provisions contained in those documents which purport to authorize the

21 commencement of a non-judicial foreclosure is unenforceable at law and in equity.

22      28.    As a consequence of the defective underlying Deeds of Trust and Promissory Note,

23 the NOTICE OF TRUSTEE'S SALE recorded on December 18, 2008, as well as the NOTICE OF

24 DEFAULT AND ELECTION TO SELL UNDER Deeds of Trust recorded on August 8, 2008, are void

25 and unenforceable and should be ordered cancelled inasmuch as no action by defendants to initiate or

26 conclude a non-judicial foreclosure pursuant to those documents is permissible.

27      29.    By the act of commencing a non-judicial foreclosure under California Civil Code

28 §2924 et seq., defendants "ETS" and "MERS", nominee for "HOMECOMINGS", being the current

Exhibit _1_, Pg. _16_

1   beneficiary or servicing agent of the above referenced Deeds of Trust (Exhibit B) and Promissory Notes,

2   have thereby affirmatively represented to Plaintiff that they, and each of them, possess the contractual

3   and legal authority to demand and receive payment of the sums claimed owing under those commercial

4   instruments.

5        30.    By the act of initiating a non-judicial foreclosure under California Civil Code §2924,

6   et seq., defendant "ETS" are the current beneficiary or servicing agent of the above referenced Deeds

7   of Trust and Promissory Notes, has represented to Plaintiff that it is in the possession of the original

8   Promissory Note secured by the hereinabove referenced Deeds of Trust(Exhibit B) and that all

9   commercial rights to receive, demand and enforce payment under the terms of that Promissory Note as

10   same is set forth in California Commercial Code §3301 & 3309, have been duly assigned to it of record

11   and that prior to the commencement of the non-judicial foreclosure the Promissory Note was in fact

12   delivered to defendant "ETS", the foreclosure trustee, who now has possession of it and did so before

13   commencement of the foreclosure process.

14        31.    Plaintiff is informed and believe and based thereon allege that in fact neither

15   defendant, "ETS" or defendant, "MERS", nominee for "HOMECOMINGS" are now in possession of

16   the original Promissory Notes, and that said original Notes has heretofore been sold, collateralized,

17   serialized, stratified or duplicated into multiple distinct investment pool(s) or entities the identifies of

18   which is presently unknown to Plaintiff. As a result, the non-judicial foreclosure initiated by defendant,

19   "MERS" as nominee for "HOMECOMINGS", and commenced by defendant, "ETS", without the

20   original Promissory Notes in their possession, is void and in violation of statute and therefore cannot be

21   the basis of a statutory non-judicial foreclosure pursuant to Civil Code §2924, et seq.

22

23                     **THIRD CAUSE OF ACTON**

24                 **Cancellation of Instruments**

25                  (As Against all Defendants)

26        32.    Plaintiff hereby restates and replead the allegations contained in Paragraphs 1 through

27   8, inclusive, of the General Allegations, and Paragraphs 10 through 20, inclusive of the First Cause of

28   Action, and Paragraphs 22 through 31, inclusive, of the Second Cause of Action, and incorporate same

Exhibit _1_, Pg. _17_

1  herein by reference as though set forth herein full and at length.

2     33.    The NOTICE OF TRUSTEE'S SALE , as preceded by the NOTICE OF DEFAULT

3  AND ELECTION TO SELL UNDER DEED OF TRUST, and each of these documents was preceded

4  by a Deeds of Trust and Promissory Notes referenced above, which were the product of multiple

5  violations and statute and were derived through a process of predatory lending practices as alleged

6  above. All such documents, as the progeny of multiple violations of law are therefore void and

7  unenforceable and as a consequence should be voided, cancelled and declared of no further force or

8  effect as against the fee title to plaintiff's real property.

9

10                          **FOURTH CAUSE OF ACTION**

11                          **Quiet Title to Real Property**
                              (As Against all defendants)

12

13     34.    Plaintiff hereby restates and replead the allegations contained in Paragraphs 1 through

14  8, inclusive, of the General Allegations, and Paragraphs 10 through 20, inclusive of the First Cause of

15  Action, and Paragraphs 22 through 31, inclusive, of the Second Cause of Action, and Paragraphs 32

16  through 33, inclusive of the Third Cause of Action and incorporate same herein by reference as though

17  set forth herein full and at length.

18     35.    Plaintiff is and has been seised of the "subject real property," hereinabove

19  described, commonly known as 1409 Catrina Way, Santa Maria, California 93458, within five years

20  preceding the filing of this complaint.

21     36.    Any and all claims whatsoever, of defendants and each of them, asserting any right,

22  title, interest or lien in the subject real property, which is adverse to Plaintiff's fee title ownership

23  interest, is without basis in law or fact, being the product of a defective, deceptive and void transaction,

24  which resulted in legally defective loan documentation all of which is void and unenforceable at law or

25  in equity.

26                          **FIFTH CAUSE OF ACTION**

27                          **Accounting**
                              (As Against all Defendants)

28

---

**COMPLAINT FOR DECLARATORY RELIEF**
9

Exhibit _1_, Pg. _18_

37.     Plaintiff hereby restates and replead the allegations contained in Paragraphs 1 through 8, inclusive, of the General Allegations, and Paragraphs 10 through 20, inclusive of the First Cause of Action, and Paragraphs 22 through 31, inclusive, of the Second Cause of Action, and Paragraphs 32 through 33, inclusive of the Third Cause of Action, and Paragraphs 35 through 36, inclusive of the Fourth Cause of Action and incorporate same herein by reference as though set forth herein full and at length.

38.     Plaintiff has previously requested from defendants "MERS", as nominee for "HOMECOMINGS" and "ETS" and has yet to receive from them a detailed accounting calculation and summary of the payoff balance they are demanding, including the unpaid principal balance, accrued interest, unpaid interest, daily interest charges and all other fees, costs or expenses comprising the payoff sum.

39.     Plaintiff is legally entitled to such an accounting, yet defendants have refused to provide one in a timely manner in compliance with California Civil Code §2943. Plaintiff requires said accounting in order to be fully apprised of the details of the payoff sum being demanded, and to thereby be able to assess the propriety of the payoff demand.

## SIXTH CAUSE OF ACTION

### Injunctive Relief
(As Against all Defendants)

40.     Plaintiff hereby restates and replead the allegations contained in Paragraphs 1 through 8, inclusive, of the General Allegations, and Paragraphs 10 through 20, inclusive of the First Cause of Action, and Paragraphs 22 through 31, inclusive, of the Second Cause of Action, and Paragraphs 32 through 33, inclusive of the Third Cause of Action, and Paragraphs 35 through 36, inclusive of the Fourth Cause of Action, and Paragraphs 38 through 39, inclusive of the Fifth Cause of Action, and incorporate same herein by reference as though set forth herein full and at length.

41.     Plaintiff is the owner of a specific identifiable parcel of real property, "the subject real property," which is their family residence. Every parcel of real property, as a manner of law is

Exhibit _1_, Pg. _19_

1  unique and Plaintiff's residence is such a parcel of real property.

2      42.    Defendants, "MERS", as nominee for "HOMECOMINGS" in conjunction with

3  defendant "ETS", are currently threatening to, and unless temporarily and permanently enjoined, will

4  deprive Plaintiff of the title to and ultimately the right of peaceful possession of their family residence,

5  through the process of non-judicial foreclosure based on purported loan documents, which is void and

6  unenforceable as having been obtained by defendants as the product of multiple violations of statute and

7  predatory lending practices.

8      43.    Unless defendants are enjoined from enforcing their void loan documents, Plaintiff

9  will suffer irreparable harm in the loss of their family residence.  It is therefore appropriate that prior

10  to that occurrence, defendants should be preliminarily enjoined from any further actions to conclude a

11  non-judicial foreclosure, or to assert a title interest in or attempt to obtain possession of the "subject real

12  property," and upon a Plaintiff's verdict in this action be permanently enjoined from all such actions.

13

14                      **SEVENTH CAUSE OF ACTION**

15                           **Damages**

16                 (As Against All Defendants)

17      44.    Plaintiff hereby restates and replead the allegations contained in Paragraphs 1 through

18  8, inclusive, of the General Allegations, and Paragraphs 10 through 20, inclusive of the First Cause of

19  Action, and Paragraphs 22 through 31, inclusive, of the Second Cause of Action, and Paragraphs 32

20  through 33, inclusive of the Third Cause of Action, and Paragraphs 35 through 36, inclusive of the

21  Fourth Cause of Action, and Paragraphs 38 through 39, inclusive of the Fifth Cause of Action, and

22  Paragraphs 41 through 43 of the Sixth Cause of Action, and incorporate same herein by reference as

23  though set forth herein full and at length.

24      45.    As a consequence of the multiple violations of statute alleged hereinabove, coupled

25  with the current non-judicial foreclosure activities currently being undertaken by defendants, and each

26  of them, Plaintiff alleges that all such defendants, jointly and severally, are liable to Plaintiff for damages

27  suffered by them, including general damages, compensatory damages, damages for bad faith foreclosure

28  for attempting to assert a right to foreclose non-judicially through the use of defective and voidable debt

                    **COMPLAINT FOR DECLARATORY RELIEF**
                            11

Exhibit _1_, Pg. _20_

01-13-2009 10:10   SANDRA 909L 7483                                    PAGE17

1    instruments, and for statutory damages as provided by law.

2                                    **PRAYER**

3        **WHEREFORE**, Plaintiff prays for judgment as follows:

4        1.     For judgment declaring the duties, rights and obligations of the parties to this action;

5        2.     For judgment voiding, cancelling and declaring null and void the Notice of Default

6               and the Notice of Trustee's Sale recorded against Plaintiff's real property;

7        3.     For judgment voiding, cancelling and nullifying the Trustee's Deed Upon Sale

8               recorded against Plaintiff's real property;

9        4.     For judgment voiding, cancelling and nullifying all documents recorded against the

10              fee simple title to Plaintiff's real property which the Court finds to be the product of

11              violations of statute, inclusive of the Notice of Default, the Notice of Trustee's Sale,

12              and the Deeds of Trust and Promissory Note;

13       5.     For issuance of a temporary restraining order, preliminary injunction and permanent

14              injunction against defendants and each of them, enjoining all further attempts to

15              conduct an non-judicial foreclosure sale of Plaintiff's real property;

16       6.     For judgment quieting title to Plaintiff's real property as against any and all claims

17              asserted by defendants, and each of them;

18       7.     For an order requiring defendants to provide Plaintiff with a full and detailed

19              accounting of any sum defendants claim is owed them by Plaintiff;

20       8.     An award of damages according to proof at the time of trial;

21       9.     For an award of attorney's fees, costs and expenses incurred by Plaintiff in bringing

22              this lawsuit, and

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

---

**COMPLAINT FOR DECLARATORY RELIEF**
12

Exhibit __1__, Pg. __21__

10.   For such further, and or different relief as the Court may deem just and proper.

Dated: January 12, 2009                          JAMES CURTIS & ASSOCIATES


                                                 _____
                                                 JAMES CURTIS
                                                 Attorney for Plaintiff,
                                                 ISABEL MONTECINOS

COMPLAINT FOR DECLARATORY RELIEF
13

Exhibit _1_, Pg. 22

01-13-2009 10:10   SANDRA 909.   7483                                    PAGE19

# EXHIBIT "A"

Exhibit _1_, Pg. _23_

01-13-2009 10:10    SANDRA 909L    7483    PAGE20

RECORDING REQUESTED BY
LAND AMERICA LAWYERS TITLE
RECORDING REQUESTED BY
Lawyers Title Co
WHEN RECORDED MAIL THIS DOCUMENT
AND TAX STATEMENTS TO:

Isabel Montecinos
1409 Catrina Way
Santa Maria, CA 93458

2007-0005616

Recorded              | REC FEE        10.00
Official Records      | TAX           511.50
County of
Santa Barbara
Joseph E. Holland

                      | NO
08:00AM 25-Jan-2007   | Page 1 of 2

APN: 119-030-53
Escrow No: 04201913-402-SA7
Title No: 04201913

2 SMAR

Space above this line for Recorder's use

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS $ 511.50, CITY TAX $ 0.00
X computed on full value of property conveyed,
  computed on full value less value of liens or encumbrances,, AND
  City of Santa Maria

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Agustin Martinez, a married man, as his sole and separate property

hereby GRANT(S) to

Isabel Montecinos , A single woman

the following described real property in the City of Santa Maria, County of Santa Barbara, State of California:
See Exhibit A attached hereto and made a part hereof.

Commonly known as: 1409 Catrina Way, Santa Maria, CA 93458

Dated: October 4, 2006

AGUSTIN  MARTINEZ
Agustin Martinez

STATE OF CALIFORNIA
COUNTY OF Santa Barbara          } SS:

On October 17 2006           before me, Steven E. Arredondo              , a Notary Public,
personally appeared  Agustin Martinez
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

STEVEN E. ARREDONDO
Commission #1617822
Notary Public -
California
SANTA BARBARA COUNTY
My Commission Expires November 28, 2005

FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS AS DIRECTED ABOVE

Exhibit 1 , Pg. 24

Exhibit A

All that certain real property situated in the County of Santa Barbara, State of California, described as follows:

Lot 34 of Catrina Village Estates, Tract No. 5201, in the City of Santa Maria, County of Santa Barbara, State of California, as per map recorded in Book 94, Pages 10 through 12 of Maps, in the office of the County Recorder of said County.

Exhibit _1_, Pg. 25

01-13-2009 10:11   SANDRA 905  ·7483                                    PAGE22

# EXHIBIT "B"

Exhibit _1_, Pg. _26_

**2007-0005617**

RECORDING REQUESTED BY
LandAmerica Lawyers Title
AND WHEN RECORDED MAIL
TO

Name    Homecomings Financial
Street
Address One Meridian Crossing, Ste. 100

City, State
Zip     Minneapolis, MN 55423

Order No. 04201913
APN No: 119-030-53

*17*

Recorded
Official Records
County of
Santa Barbara
Joseph E. Holland

REC FEE     55.00

06:00PM 25-Jan-2007 | Page 1 of 17

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

## Deed of Trust
### DOCUMENT TITLE

SEPARATE PAGE - PURSUANT TO GOVERNMENT CODE 27361.6

Exhibit _1_, Pg. _27_

Recording Requested By: Homecomings Financial

Return To:   Homecomings Financial
             One Meridian Crossing, Ste. 100
             Minneapolis MN 55423
             Loan Number: 047-034647-9


Prepared By:   Homecomings Financial
               4350 Von Karman Avenue, Suite 100
               Newport Beach, CA 92660


--------------------[Space Above This Line For Recording Data]--------------------

# DEED OF TRUST

MIN 100062604703464794


## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   OCTOBER 18TH, 2006
together with all Riders to this document.
(B) "Borrower" is

ISABEL MONTECINOS, A SINGLE WOMAN



Borrower's address is   1409 CATRINA WAY, SANTA MARIA, CA 93458
                                 . Borrower is the trustor under this Security Instrument.
(C) "Lender" is HOMECOMINGS FINANCIAL, LLC (F/K/A HOMECOMINGS FINANCIAL
NETWORK, INC.)
Lender is a  LIMITED LIABILITY COMPANY
organized and existing under the laws of   DELAWARE

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS     Form 3005 1/01
MFCA7770 (09/2005) / 047-034647-9
[  ] -6A(CA) (0207).01
Page 1 of 18            Initials: _I M_

          VMP Mortgage Forms, Inc.

Exhibit _1_, Pg. 28

Lender's address is  4350 VON KARMAN AVENUE, #100
NEWPORT BEACH, CA 92660
(D) "Trustee" is  LAWYERS TITLE

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated OCTOBER 18TH, 2006
The Note states that Borrower owes Lender  THREE HUNDRED SEVENTY TWO THOUSAND AND NO/100                                                                          Dollars
(U.S. $  372,000.00      ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than      NOVEMBER 1ST, 2036
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider      ☐ Condominium Rider          ☐ Second Home Rider
☐ Balloon Rider              ☐ Planned Unit Development Rider  ☐ 1-4 Family Rider
☐ VA Rider                   ☐ Biweekly Payment Rider     ☐ Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

-6A(CA) (0207).01                      Page 2 of 15           Initials: EM          Form 3005  1/01
MFCA7770 (09/2006) / 047-034647-9

Exhibit _1_, Pg. _29_

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY                              of SANTA BARBARA

[Type of Recording Jurisdiction]                          [Name of Recording Jurisdiction]

Legal description attached hereto and made a part hereof

Parcel ID Number: 119-030-53                        which currently has the address of
1409 CATRINA WAY                                                                         [Street]
SANTA MARIA                                     (City), California 93458            [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

Initials: _IM_

-6A(CA) (2307).01                               Page 3 of 18                        Form 3005  1/01
MFCA7770 (09/2006) / 047-034647-9

Exhibit  _1_ , Pg. _30_

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

Exhibit  _1_, Pg. _31_

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>ISABEL MONTECINOS | DEFENDANTS<br>HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. (a Delaware Corporation); MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., (a California Corporation); EXECUTIVE SERVICES, LLC dba ETS SERVICES, LLC (a California Corporation) and DOES 1 through 50, Inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>James Curtis, Esq..<br>JAMES CURTIS & ASSOCIATES<br>7121 Magnolia Ave.<br>Riverside, CA 92504<br>Tel: (951) 781-2700; Fax (951) 848-920 | Attorneys (If Known)<br>Matthew B. McClendon, Esq.<br>LOCKE LORD BISSELL & LIDDELL LLP<br>300 South Grand Avenue, 26th Floor<br>Los Angeles, California 90071<br>Tel: (213) 485-1500; Fax (213) 485-1200 |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $

### VI. CAUSE OF ACTION (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1637; 15 U.S.C. §§ 1601-1667f; 15 U.S.C. §§ 41-58

### VII. NATURE OF SUIT (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☒ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

## CV09-1333

American LegalNet, Inc.<br>www.FormsWorkflow.com



FOR OFFICE USE ONLY:     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Homecomings Financial LLC (Texas) Executive Trustee Services, LLC (incorrectly sued - ETS Services LLC) (Florida) Mortgage Electronic Registration System (Delaware) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~signature~_  Date February 25, 2009

---

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV09- 1333 R (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.